## GUMBERG v. GOODSTEIN et al.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. REPLEVIN—EVIDENCE.

In replevin for a ring pawned with defendants, plaintiff claiming he gave it to his son to show to a customer, and that the customer ran off with and pawned it, evidence introduced by defendants that plaintiff and his son were in the habit of transacting business in a generally discreditable manner, that they were in the habit of buying goods at auction rooms, and immediately pawning them, and that witness refused to advance money to plaintiff on a diamond ring, was incompetent and improper either for general impeachment, or in support of defendant's claim that plaintiff's son gave the ring to the alleged customer to pawn.

Appeal from Municipal Court of City of New York.

Action by Charles Gumberg against Samuel Goodstein and another. From a judgment dismissing the complaint after a trial before the court without a jury, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Morris V. McDonald, for appellant.
James J. McInerney, for respondents.

HIRSCHBERG, P. J. The action is replevin to recover the possession of a diamond ring, which the plaintiff claims to own, and which was pawned with the defendants. The plaintiff claims that he gave the ring to his son to show to a customer, and that the customer ran off with it, and subsequently pawned it with the defendants. When the ring was afterwards found in the possession of the defendants, the customer was arrested on a criminal charge presented by the plaintiff's son, and an affidavit was made by the latter, in which he asserted, in effect, that he was the owner of the ring. There was other evidence given upon the trial with respect to the ownership of the ring, and the conclusion reached by the court was that the plaintiff had failed to establish his ownership. There was evidence received under the plaintiff's objection, however, which was greatly prejudicial to the plaintiff, because of which a new trial is required, irrespective of the merits of the question upon which the decision is based. The defendants were permitted to prove by the witness Brookheimer that the plaintiff and his son were in the habit of transacting business in a generally discreditable manner; the witness specifying that he had on one occasion refused to advance the plaintiff money on a certain diamond pin because the man was "known as a diamond fakir." The characterization of the plaintiff was stricken out on motion, but the transaction stated remained in evidence. The witness further testified under objection that the plaintiff and his son were in the habit of buying goods at auction and pawning them, saying: "They buy goods over at auction rooms, and they are in the habit of pawning them right over again. I suppose, if they could get a customer, they would sell it private. They are in the habit of pawning goods right back again with the various brokers in the city." This evidence was apparently offered not only for the purpose of general impeachment, but also in support of the defendants' claim that the ring had been given by the plaintiff's son to the alleged customer for the purpose of pawning. It was incompetent and improper for any purpose, and, in connection with other statements made by the witness similar in character to those which I have quoted, may very well have tended to influence the court to discredit the evidence of the plaintiff and his son. The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.